UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CARLTON HOOKER, JR.**, <br><br>  Plaintiff, <br><br> v. <br><br> **UNITED STATES DEPARTMENT OF VETERANS AFFAIRS**, <br><br>  Defendant. | Case No. 21-cv-01691 (CRC) |

## MEMORANDUM OPINION

Plaintiff Carlton Hooker, Jr. filed a Freedom of Information Act ("FOIA") request with the Department of Veterans Affairs (the "Department" or "VA"), his former employer, seeking an agency attorney's copy of an order dismissing an Equal Employment Opportunity Commission ("EEOC") claim Hooker had pursued years earlier. After the agency's search failed to turn up the requested order, Hooker sued. The agency then provided Hooker an official copy of the same order, which Hooker acknowledged satisfied the Department's FOIA obligations. The parties dispute on cross motions for summary judgment whether the copy of the order Hooker ultimately received belonged to the agency attorney. But that does not matter for purposes of this case. If it did not belong to the attorney, then the agency has established that it conducted an adequate, if unsuccessful, search for the specific document Hooker sought. And if, as Hooker posits, the official copy he received necessarily belonged to the attorney, then the VA has fulfilled its production obligation, and the case is moot. Heads or tails, the Department wins.

I.   **Background**

In 2010, Hooker was terminated from his job at a VA healthcare facility in Bay Pines, Florida ("Bay Pines"). Dep't MSJ Mem. at 4. Since then, he has filed scores of lawsuits and

administrative complaints against the Department.[1]  One of those actions was a 2013 complaint with the EEOC.  Compl. at 3.  Department attorney Karen Mulcahy represented the agency in that matter.  Dep't MSJ Mem. at 13.  In November 2013, EEOC Administrative Judge William Rodriguez issued an order dismissing Hooker's complaint.  Dep't Stmt. of Undisputed Facts ¶ 1.  The order noted that Hooker's behavior in the proceeding was "contumacious, antagonistic, and very aggressive."  Id. ¶ 5; see also Compl. Ex., ECF No. 1-8, at 4 (EEOC dismissal order).

Over the next few years, the VA became increasingly concerned about Hooker's continuing litigiousness and erratic conduct towards VA employees.  So, on October 4, 2016, the Department issued a memorandum placing Hooker on "No Engagement" status, which barred him from entering any Bay Pines property or contacting any Bay Pines staff.  Dep't MSJ Mem. at 5.  The memorandum included a copy of Judge Rodriquez's dismissal order as an exhibit, identified as "Attachment A."  Dep't Stmt. ¶ 7.

In February 2021, Hooker lodged a FOIA request with the Department's Office of General Counsel ("OGC").  Compl. Ex., ECF No. 1-2, at 1.  The request sought "OCG Regional Counsel Attorney's Karen Lynn Mulcahy's copy of . . . Attachment A: November 21, 2013 – Order of Dismissal from EEOC Administrative Judge, William Rodriguez . . . ."  Id.

---

[1] In federal courts alone, Hooker has filed nearly three dozen lawsuits relating to his employment dispute with the Department, mostly in the Middle District of Florida.  See Dep't MSJ Mem. at 3–6 & n.1.  Multiple courts have enjoined Hooker from filing further lawsuits regarding his termination from Bay Pines.  See id. at 4; see also Hooker v. Hopkins, No. 15-cv-750 (M.D. Fla. Apr. 1, 2015), ECF No. 4 ("Plaintiff is ENJOINED from filing any new action, complaint, or claim for relief against Defendants, the Department of Veteran's Affairs, or any other current or former employee or officer of the Department of Veteran's Affairs, related to his employment at Bay Pines VA Hospital, in federal court, state court, or any other forum unless he first obtains leave to file from this Court."); accord Hooker v. Sec'y of Veterans Affs., No. 20-cv-2557-KKM-JSS (M.D. Fla. Aug. 9, 2021), ECF No. 26 (same).  Although the Court wonders why the filing of this suit did not violate those pre-filing injunctions, it will nonetheless entertain Hooker's claim.

The OGC's FOIA Office promptly confirmed receipt of Hooker's request and commenced a search. Dep't Stmt. ¶ 9. As described in a declaration provided by agency FOIA officer Gregory Draves, the Office first logged the request into the agency's web-based FOIA processing and tracking platform. Declaration of Gregory Draves ("Draves Decl.") ¶ 5. Mr. Draves then personally conducted a search of OGC's internal document database using search terms provided by Hooker in his request, including "'No Engagement Letter Attachment A' and Mr. Hooker's name." Id. ¶ 6. He also contacted Ms. Mulcahy to ascertain whether she had a copy of Judge Rodriguez's dismissal order. Id. ¶ 7. She indicated she did not, and the search was concluded. Id. ¶¶ 7–8.

The OGC's FOIA Office thus issued Hooker a "no records" response. Id. ¶ 8. Hooker appealed, deriding the agency's response as "fraudulent" and accusing the Department and Mulcahy of intentionally withholding or destroying her copy of Attachment A. Compl. Ex., ECF No. 1-2, at 4. Hooker also posited that he and Mulcahy were the "[o]nly two people [who] had copies of that order from Judge Rodriguez" and, therefore, that Mulcahy *must be* the individual responsible for attaching it to the No Engagement Memorandum. Id. Shortly before the agency denied Hooker's appeal, he filed the instant lawsuit. Dep't Stmt. ¶¶ 17–18.

Hooker's *pro se* complaint challenges the Department's "no records" response and levies accusations against the agency similar to those contained in his administrative appeal. Hooker generally contends that Department's alleged withholding of the EEOC dismissal order is a conspiratorial effort to conceal Mulcahy as the driving force behind his ban from Bay Pines. Compl. at 2. The complaint demands an order requiring the Department to release the requested record, as well as sanctions against Mulcahy and "anyone else who instructed her to conceal a government record." Id. at 5–6.

The parties filed cross-motions for summary judgment. In its motion, the VA explained that it understood Hooker's request to seek a particular copy of the EEOC dismissal order that "is in the possession Bay Pines Regional Counsel Karen Mulcahy" and that it "did not uncover" such a document after conducting an adequate search. Dep't MSJ Mem. at 10, 14–15. But, as a "gesture of good faith" in the event Hooker sought "an official copy of the [order] from [the agency's] official files," the Department attached an official copy of the order to its brief. Id. at 15 & n.10; see Dep't MSJ Ex. F (copy of EEOC order). Hooker responded in his opposition brief that the agency "has now complied with FOIA" insofar as the release of the dismissal order proved that Mulcahy had a copy of it all along. Hooker Opp'n Mem. at 5–6. In light of Hooker's concession—self-serving though it may be—the Department now argues that the case is moot. VA Reply at 1–2.

## II.  Legal Standards

FOIA cases are typically resolved on summary judgment. See Brayton v. Off. of U.S. Trade Representative, 641 F.3d 521, 527 (D.C. Cir. 2011). The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (citation and internal quotation marks omitted). To defeat summary judgment, the non-moving party must "designate specific facts showing that there is a genuine issue for trial." Id. at 324 (internal quotation marks omitted). In FOIA cases, summary judgment is appropriate if "the agency proves that it has fully discharged its obligations under the FOIA, after the underlying facts and the inferences to be drawn from them are construed in the light most favorable to the

FOIA requester." Friends of Blackwater v. U.S. Dep't of Interior, 391 F. Supp. 2d 115, 119 (D.D.C. 2005) (quoting Greenberg v. U.S. Dep't of Treasury, 10 F. Supp. 2d 3, 11 (D.D.C. 1998)).

### III. Analysis

The Court needn't pass on Hooker's supposition that the official copy of the EEOC dismissal order he ultimately received is the record he originally sought. Either way, the agency is entitled to summary judgment.

As noted above, Hooker's FOIA request was limited to a single record: "Mulcahy's copy" of the relevant EEOC dismissal order. Compl. Ex., ECF No. 1-2, at 1. The Department has submitted a declaration from Gregory Draves, the FOIA official who conducted the search in response to Hooker's request. Mr. Draves explains that he searched the OGC's main electronic document database using search terms provided by Hooker in his request, which included "No Engagement Letter" and "Attachment A," as well as Hooker's name. Draves Decl. ¶ 6. He also asked Mulcahy directly whether she had a copy of the order; she responded she did not. Id. ¶ 7. The Department therefore issued a "no records" response. Given the limited nature of Hooker's request, the Department has established that it conducted an adequate search. Am. Chemistry Council v. U.S. Dep't of Health & Hum. Servs., 922 F. Supp. 2d 56, 62 (D.D.C. 2013) (agencies "need not expand their searches beyond 'the four corners of the request'" (quoting Landmark Legal Found. v. EPA, 272 F. Supp. 2d 59, 64 (D.D.C. 2003))). It is thus entitled to summary judgment.

Hooker contends that the Department's subsequent release of an official copy of the EECO dismissal somehow proves that Mulcahy possessed a copy all along. But even if that were so—

5

and "the Department has now complied with FOIA by producing" that record as Hooker appears to believe—the result would be the same because the case would be moot.

"Article III's limitation of federal-court jurisdiction to cases and controversies requires that 'an actual controversy . . . be extant at all stages of review, not merely at the time the complaint is filed.'" Bayala v. U.S. Dep't of Homeland Sec., Off. of Gen. Couns., 827 F.3d 31, 34 (D.C. Cir. 2016) (alteration in original) (quoting Genesis Healthcare Corp. v. Symczyk, 569 U.S. 66, 71 (2013)). Accordingly, in the FOIA context, "once all the documents are released to the requesting party, there no longer is any case or controversy." Id. "[H]owever fitful or delayed the release of information under the FOIA may be, once all requested records are surrendered, federal courts have no further statutory function to perform." Perry v. Block, 684 F.2d 121, 125 (D.C. Cir. 1982). So, if Hooker is correct that the Department has fulfilled its obligations under the statute, the Court must grant summary judgment in favor of the VA. See Sanchez-Alanis v. Fed. Bureau of Prisons, 270 F. Supp. 3d 215, 220 (D.D.C. 2017) (government entitled to summary judgment when FOIA plaintiff "acknowledges that he 'has obtained relief'" as to his requests).

## IV. Conclusion

For the foregoing reasons, the Court will grant the Department's Motion for Summary Judgment, deny Hooker's Motion for Summary Judgment, and dismiss the case. A separate Order accompanies this Memorandum Opinion.

CHRISTOPHER R. COOPER
United States District Judge

Date: September 14, 2022